IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TERRI P. WICKERSHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:11CV280-SRW |
| | ) | |
| LYNCH MOTOR COMPANY | ) | |
| OF AUBURN, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF OPINION**

Plaintiff Terri P. Wickersham brings this action against defendant Lynch Motor Company of Auburn, Inc., asserting several claims under state and federal law arising from an automobile sale/purchase transaction and the subsequent repossession of the automobile. Defendant removed the action to this court from the Circuit Court of Tallapoosa County, Alabama, pursuant to 28 U.S.C. §§ 1331 and 1441, on the basis of the federal questions presented in Counts Five through Eight of the Complaint.[1]

This action is presently before the court on defendant's motion to compel arbitration and to stay proceedings. (Doc. # 3). Although she was given an opportunity to do so, plaintiff has not responded to the motion. (See Doc. # 5). The parties have consented to the jurisdiction of the undersigned Magistrate Judge to conduct all proceedings in this action, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Docs. ## 6, 7). Upon

---

[1] Plaintiff asserts claims under the Federal Odometer Act, the Truth in Lending Act, the Fair Credit Reporting Act, and the Equal Credit Opportunity Act. (Complaint, pp. 9-16).

consideration of defendant's motion, the court concludes that the motion to compel arbitration is due to be granted and, further, that plaintiff's claims are due to be dismissed.

## BACKGROUND

On August 10, 2010, plaintiff entered into a contract to purchase a vehicle from defendant. At the time of the purchase, defendant represented to plaintiff that she had been approved for financing by AmeriCredit Financial Services. Plaintiff signed documents in connection with the purchase, including a "delivery receipt" that "purport[ed] to make the sale contingent upon financing." On September 23, 2010, defendant repossessed the vehicle. When plaintiff contacted the defendant she was "told that she would need to come in to fill out additional paperwork in order to get new financing and retrieve her automobile." (Complaint, ¶¶ 6-20). Defendant contends that plaintiff is bound by an arbitration agreement she signed in connection with the transaction at issue to submit the present dispute to binding arbitration.

## DISCUSSION

The Federal Arbitration Act, Title 9 of the United States Code, provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce[2] to settle by

---

[2] The United States Supreme Court has interpreted the term "involving commerce" in the Federal Arbitration Act as providing for enforcement of arbitration agreements "'within the full reach of the Commerce Clause[.]'" Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 56 (2003)(citation omitted). Defendant's General Manager, Paul Brockwell, avers that Lynch "is a seller of new and used automobiles[,]" that these vehicles "are often transported to Lynch's dealership in Lee County, Alabama from locations outside the State of Alabama[,]" and that "Lynch regularly sells and transports vehicles to customers located

2

arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 4 of the Act allows a party to an agreement containing an arbitration provision to petition the court for an order compelling the other party to arbitrate. "[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C.§ 4. "Parties cannot be forced to submit to arbitration if they have not agreed to do so." Chastain v. Robinson-Humphrey Co., 957 F.2d 851, 854 (11th Cir. 1992)(citations omitted). "Thus, 'the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute.'" Id. (quoting Mitsubishi Motors Corp. v. Soler Chrysler- Plymouth, Inc., 473 U.S. 614, 626 (1985)). "When deciding whether the parties agreed to arbitrate a certain matter . . . courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." First Options of Chicago v. Kaplan, 514 U.S. 938, 944 (1995); see also Employers Insurance of Wausau v. Bright Metal Specialties, Inc., 251 F.3d 1316, 1322 (11th

--------

outside Alabama." (Brockwell aff., ¶¶ 1-2). Brockwell further states that the particular vehicle at issue in this case was manufactured in Japan, that the retail installment agreement was to be assigned to Americredit Financial Services, a financial institution outside the state of Alabama and that, in connection with financial transaction at issue, Lynch had "numerous communications with Americredit at its offices outside Alabama in an effort to get Ms. Wickersham fully and finally approved for credit." (Id., ¶¶ 3-5). The "involving commerce" requirement of the FAA is satisfied in this case.

Cir. 2001)("Federal law establishes the enforceability of arbitration agreements, while state law governs the interpretation and formation of such agreements."). "[A]s with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." Mitsubishi Motors Corp., *supra*, 473 U.S. at 626.

### The Existence and Scope of an Agreement to Arbitrate

Defendant has provided copies of the invoice, buyer's order, retail installment sales contract, and two arbitration agreements concerning the transaction at issue. (Brockwell affidavit, ¶¶ 3-5 and Exhibits 1-5). The buyer's order is dated "8/6/2010" and includes a sentence just above the customer's signature that states, "In order to complete this transaction, the customer will be required to enter into arbitration agreement." The buyer's order is signed by both the customer and the manager. (Exhibit 2 to Brockwell aff.).[3] The installment sales contract includes a statement referencing arbitration and alternative dispute resolution, printed in bold type, above plaintiff's signature. It reads as follows:

> You agree to the terms of this contract and any dispute resolution agreement you signed with this contract. You confirm that before you signed this contract and any dispute resolution agreement, we gave them to you and you were free to take them and review them. You acknowledge that you have read both sides of this contract, including the arbitration clause on the reverse side before signing below. You confirm that you received a completely filled-in copy of these documents when you signed them.
>
> CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

---

[3] Plaintiff does not contend that the signatures on the exhibits attached to Brockwell's affidavit are not hers.

4

(Exhibit 3 to Brockwell aff., at p. 2). The contract is signed by plaintiff and by a representative of "Lynch Toyota Scion." (Id.). The arbitration clause is included in a text box with the heading "ARBITRATION CLAUSE," followed by the statement, 'PLEASE REVIEW – IMPORTANT – AFFECTS YOUR LEGAL RIGHTS[.]" (Id., pp. 4, 5). It provides, *inter alia*, that "[a]ny claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to y[our] credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship ... shall, at your or our election, be resolved by neutral, binding arbitration[,]" unless federal law provides that such claim is not subject to binding arbitration. (Id.). In a separate single-page agreement entitled "BINDING PRE-DISPUTE ARBITRATION AGREEMENT[,]" the parties agree to arbitration of any dispute arising out of or relating to "the undersigned's acquisition or attempted acquisition of the "below described vehicle,"[4] except as to claims brought in the state district courts of Alabama in which the requested relief does not exceed $10,000.00.

---

[4]   The space for description of the "product/services" was left blank; it does not include a description of the vehicle plaintiff purchased. (See Exhibit 4 to Brockwell's affidavit). However, plaintiff signed it on August 6, 2010 – the date of purchase she alleges in her complaint (see Complaint, ¶ 11) – and she does not claim that Exhibit 4 does not pertain to her purchase of the Toyota FJ Cruiser referenced in the accompanying sales contract. Even if the court were to ignore this particular exhibit, however, plaintiff's agreement to arbitrate is evidenced by Exhibits 3 and 5 to Brockwell's affidavit, executed on the same day as Exhibit 4.

(Exhibit 4 to Brockwell aff.).  Plaintiff also signed a separate three-page "ALTERNATIVE

DISPUTE RESOLUTION (ARBITRATION) AGREEMENT." (Exhibit 5 to Brockwell aff.).

This agreement bears an "AmeriCredit" logo at the top of each page and includes a

description and vehicle identification number of the vehicle that was the subject of the

parties' transaction.  This agreement is signed by both "[b]uyer" and "[s]eller[.]" (Id.).  The

agreement provides, in part:

> This Agreement sets forth a procedure for resolving disputes arising out of or
> relating to our relationship. With limited exceptions set forth herein, either you
> or we may elect that any and all disputes, claims or controversies of any kind
> and nature arising out of or relating to the relationship between us
> (hereinafter "Dispute" or "Disputes") be resolved through binding arbitration,
> and not by any court.  This Agreement to arbitrate covers, among other things,
> Disputes that (a) arise out of or relate to this Agreement, the Retail Installment
> Sales Contract, and all ancillary agreements (including, but not limited to,
> service contracts, warranties, GAP and insurance agreements) entered into
> contemporaneously herewith; (b) arise out of or relate to any past or future
> transactions or dealings between us; (c) arise out of or relate to any claim of
> improper repossession or replevin of the vehicle that is the subject of any
> Retail Installment Sales Contract entered into between us; and (d) arise out of
> or relate to any claims about whether a Dispute is covered by this Agreement
> or the scope of this Agreement.  If you or we elect arbitration, **both of us are
> forever forgoing our right to bring our Dispute in court and have our
> Dispute decided by a judge or jury.**

(Id.)(emphasis in original).[5]

Under Alabama law, "[t]he elements of a valid contract include: an offer and an

acceptance, consideration, and mutual assent to terms essential to the formation of a

---

[5]   The only exceptions set forth in this agreement are the parties' rights "to exercise
self-help remedies and to seek provisional remedies in a court, pending a final determination
of any Disputes by an arbitrator." (Exhibit 5 to Brockwell aff., p. 2).

contract." Shaffer v. Regions Financial Corp., 29 So.3d 872, 880 (Ala. 2009)(citations and internal quotation marks omitted).  Plaintiff alleges that she "entered into a written contract with Defendant for the purchase of a vehicle," and that she accepted possession of a vehicle from defendant, based on (1) the retail installment sales contract "and other preprinted forms used by Defendant in the purchase and finance of vehicles" and, (2) defendant's representation that plaintiff's financing was "approved" and "qualified" with AmeriCredit Financial Services.  (Complaint, ¶¶ 7, 9, 10, 11, 14-15,  17-18).  Defendant has filed copies of the retail installment sales contract (which included a well-marked and visible arbitration clause) and two separate arbitration agreements – all executed by the plaintiff and the seller. (Brockwell aff., Exhibits 1-5).  Accordingly, the court concludes that plaintiff entered into an agreement with Lynch to arbitrate.

Plaintiff  has not responded to the present motion and, therefore, does not present grounds for avoidance of the contract or argue that the arbitration agreement is unenforceable for any reason under state law.  Neither does she contend that any of the federal statutes on which her claims rest evince a Congressional intention to preclude arbitration or waiver of judicial remedies. See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991)(noting that "[i]t is by now clear that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA" and that the party seeking to avoid arbitration bears the burden of showing "that Congress intended to preclude a waiver of a judicial forum" for the federal statutory claim).  All of the claims plaintiff asserts in her

complaint arise out of the August 2010 vehicle sales transaction evidenced in the exhibits attached to Brockwell's affidavit, the parties' attempt to obtain financing from Americredit for plaintiff's purchase of the vehicle, and defendant's conduct in repossessing the vehicle. The claims plaintiff seeks to litigate in the present case fall within the scope of her agreement with Lynch to arbitrate disputes arising out of or relating to their relationship.

### Dismissal versus Stay of Action

When all of the claims presented in a case are subject to binding arbitration, dismissal with prejudice is appropriate. Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992)(concluding that 9 U.S.C. § 3 "was not intended to limit dismissal of a case in the proper circumstances" and stating,"Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose.  Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law.")(citations omitted);  Halford v. Deer Valley Home Builders, 2007 WL 1229339, 3-5 (M.D. Ala. Apr. 25, 2007); Clayton v. Woodmen of the World Life Ins. Society, 981 F. Supp. 1447, 1451 (M.D. Ala. 1997).  Because plaintiff has brought no claims before this court that are not subject to binding arbitration, there is nothing for this court to decide on the merits of plaintiff's claims after arbitration.

Accordingly, plaintiff's claims are due to be dismissed, rather than stayed.  Because

defendant did not seek dismissal, however, the court will dismiss the claims without prejudice.  See Halford, 2007 WL 1229339 at *4 ("The dismissal shall be without prejudice because not all Defendants have requested dismissal.")(citing Jureczki v. Bank One Texas, N.A., 252 F.Supp.2d 368, 380 (S.D. Tex.), *affirmed without opinion*, 75 Fed. Appx. 272 (5th Cir. 2003)); Jureczki, 252 F.Supp.2d at 380 ("When, as here, the defendants have not sought dismissal, dismissal without prejudice [as opposed to dismissal with prejudice, as in Alford, *supra*] is the appropriate measure.").

## CONCLUSION

The undisputed evidence before the court establishes that plaintiff and defendant entered into an agreement that provided for binding arbitration, and that all of plaintiff's claims in the present action are within the scope of that agreement.  Accordingly, pursuant to 9 U.S.C. § 4, it is

ORDERED that defendant's motion to compel arbitration is GRANTED, and plaintiff is DIRECTED to pursue her claims, if at all, through binding arbitration as set forth in the retail sales installment contract, the "binding pre-dispute arbitration agreement" and the "alternate dispute resolution (arbitration) agreement" she signed on August 6, 2010.

Additionally, because plaintiff asserts no claims before this court that are outside the scope of her agreement with defendant to submit disputes to binding arbitration, it is further ORDERED that defendant's motion to stay is DENIED.  A separate judgment will be entered dismissing this action without prejudice.

DONE, this 6th day of March, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE